FILED
John E. Triplett, Acting Clerk
United States District Court

*By MGarcia at 3:55 pm, May 14, 2020*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| RAUL SUAREZ RAMIREZ, <br><br> Plaintiff, <br><br> v. <br><br> D. RAY JAMES PRIVATE INSTITUTION, et al., <br><br> Defendants. | CIVIL ACTION NO.: 5:19-cv-14 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants D. Ray James Private Institution, Geo Group, Inc., Chalmers, Jones, Wilper, Staines, Leuger, Norman, Irre, Goodwin, Sprulles, Jeffers, O'Quinn, and Kossakwski. However, I **FIND** that some of Plaintiff's claims may proceed. Specifically, the Court will direct service, by separate Order, of Plaintiff's First Amendment claims against Defendants Eason and Dye.

### PLAINTIFF'S CLAIMS[1]

Plaintiff claims that during the 2018 Passover holiday, he was served grape juice that was not Kosher. Doc. 1-1 at 1. Plaintiff also claims his Passover meals were prepared in a regular

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

kitchen rather than a Passover kitchen, as required by his religious tradition.  Id.  Additionally, Plaintiff states he was served food that was past its "best by" date.  Id.  Plaintiff also alleges that he was unconstitutionally denied the right to participate in "Second Passover."  Doc. 1-1 at 4–5.  Plaintiff seeks as relief both compensatory damages and injunctive relief.  Doc. 1 at 8.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

**DISCUSSION**

Plaintiff names 16 individuals or entities as Defendants in his suit.  Doc. 1 at 3–5.  Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  While a plaintiff need not provide detailed factual allegations, a complaint is insufficient if it offers no more than "labels and conclusions," or "an un-adorned, the defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678 (citations omitted).  Here, Plaintiff provides no facts related to Defendants D. Ray James Private Institution, Geo Group, Inc., Jones, Wilper, Staines, Leuger, Norman, Irre, Goodwin, Sprulles, Jeffers, O'Quinn and Kossakwski, stating all persons named in the Complaint were "involved in the incident."  Doc. 1 at 8.  Plaintiff does specifically mention Defendant Chalmers.  However, Plaintiff states only that Defendant Chalmers "should have no trouble accommodating" Plaintiff's religious beliefs and practices.  Doc. 1-1 at 3.  Accordingly, Plaintiff fails to state a claim upon which relief can be granted against these Defendants.  See Anderson v. Fulton Cty. Gov't, 485 F. App'x 394, 396 (11th Cir. 2012) (dismissal proper where plaintiff failed to describe any specific allegations against defendant).  Therefore, the Court should **DISMISS** Plaintiff's claims against Defendants D. Ray James Private Institution, Geo Group, Inc., Jones, Wilper, Staines, Leuger, Norman, Irre, Goodwin, Sprulles, Jeffers, O'Quinn, Chalmers, and Kossakwski.

**CONCLUSION**

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants D. Ray James Private Institution, Geo Group, Inc., Chalmers, Jones, Wilper, Staines, Leuger, Norman, Irre, Goodwin, Sprulles, Jeffers, O'Quinn, and Kossakwski.  However,

I **FIND** that some of Plaintiff's claims may proceed.  Specifically, the Court will direct service, by separate Order, of Plaintiff's First Amendment claims against Defendants Eason and Dye.

Any party seeking to object to this Report and Recommendation is instructed to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  See 28 U.S.C. § 636(b); Federal Rule of Civil Procedure 72(b)(2).  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.  Furthermore, it is not necessary for a party to repeat legal arguments in objections.  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 14th day of May, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA